OTTO K. SAUER *vs.* WILLIAM TRAEGER.

Submitted on briefs Jan. 30, 1894.   Modified Feb. 1, 1894.

No. 8353.

Replevin, Value not proved.
    Evidence *held* to justify the verdict of the jury, except as to value.

Appeal by defendant, William Traeger, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made January 28, 1893, denying his motion for a new trial.

*T. E. Byrnes,* for appellant.
*Otto K. Sauer, pro se.*

BUCK, J.   This action was brought to recover the possession of personal property, or, in case possession could not be had, then for the value thereof.   No writ of replevin issued, and plaintiff did not take or obtain actual possession of the property.   Upon the trial the plaintiff recovered the following verdict:   "We, the jury in the above-entitled action, find for the plaintiff and against the defendant, William Traeger, for the possession of the following described personal property, described in the complaint herein, to wit, "horse, harness," quarter and knee boots, sulky and runners, or the sum of $297, the value thereof, in case recovery cannot be had.'"

One of the errors assigned by the appellant is that there is not sufficient evidence to support the verdict, and upon this point it is claimed that there is no evidence in the case to prove or establish the value of the property in controversy, or any part of it.   This contention of the appellant must be conceded to be true.   We do not discover anything in the record upon the subject, and it was error to allow a verdict in an action of this kind to be rendered for the value of the property in controversy without proof that the property was of some value, and of sufficient value to justify the verdict of the jury.   The exhibits referred to in the evidence were not of such a character that, if introduced, could have been, as between the parties, any evidence of value.   But they were not offered or received as evidence in the case.

It is not necessary that there be a new trial of any issue, except as to the value of the property. The case is remanded for a new trial upon the question of value only, unless the plaintiff elects to waive that part of the verdict, and consents to take judgment for the return of the property.

The case is remanded accordingly.

CANTY, J., took no part in this decision.

(Opinion published 57 N. W. Rep. 935.)