## PATRICK BARKEY v. ERLAND JOHNSON.[1]

June 19, 1903.

Nos. 13,458—(129).

**Delivery of Deed—Title.**

Plaintiff purchased of defendant a tract of land, and the latter duly executed and delivered to him a deed therefor. Plaintiff subsequently returned the deed to defendant for correction, and defendant has since refused to redeliver it to him. *Held,* that the title to the land passed to plaintiff upon the delivery of the deed, and did not revert to defendant by its return to him for correction.

**Action for Possession of Deed.**

An action in equity to recover the possession of a deed returned to the grantor for the purpose of correcting some error therein, after its delivery by him to the grantee, and which he refuses to return to the grantee, will lie only where there is no adequate remedy at law. In such cases an action in claim and delivery or an action to determine adverse claims may be maintained by the grantee.

**Complaint.**

Complaint in this action construed, and *held* not to state a cause of action, either at law or in equity, for the recovery of the possession of the deed.

Action in the district court for Renville county to recover possession of a certain warranty deed theretofore executed and delivered by defendant to plaintiff and to quiet the title of the premises therein described in plaintiff; or, in case possession and a decree quieting title

[1] Reported in 95 N. W. 583.
90 M.—3

could not be had, for $500 damages.   Upon the trial, before Powers, J., judgment was ordered in favor of defendant upon the pleadings. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John J. Schoregge* and *John W. Willis,* for appellant.

*Frank Murray,* for respondent.

BROWN, J.

The question involved in this case is whether the complaint states facts sufficient to constitute a cause of action.   The court below held that it did not, ordered judgment for defendant on the pleadings, and plaintiff appealed from an order denying a new trial.

The complaint alleges that at the time stated therein defendant was the owner of a tract of land in Renville county, which he sold and agreed to convey to plaintiff for the consideration of $1,040. Pursuant to this agreement, a warranty deed in due form of law was executed by defendant, conveying the land to plaintiff, and deposited with the Olivia State Bank, to be by it delivered upon payment of the purchase price.   Plaintiff subsequently paid the money to the bank, and the deed was duly delivered to him.   He thereafter discovered what he thought to be an error in the document, and returned it to defendant for correction, the desired correction being a statement that defendant, grantor therein, was an unmarried man.   The complaint further alleges that defendant has refused to correct the deed or return it to plaintiff, although it has often been demanded.   It also alleges that, at the time the deed was executed, defendant was an unmarried man, and it was then, and still is, in his power and ability to execute and deliver a good and perfect warranty deed for the conveyance of the land to plaintiff; that defendant wrongfully keeps the deed in his possession, with intent and purpose to deprive plaintiff of the title and possession of the land thereby conveyed; that plaintiff is ready, willing, and anxious to have and receive the deed back; that he has faithfully performed every and all terms of the agreement for the transfer and conveyance of the land; that since the return of the deed to defendant for correction the land has increased in value in the sum of $500, and, if a redelivery of the deed cannot be had, plaintiff will suffer that amount in damages.   The relief de-

manded is that plaintiff have the decree and judgment of the court requiring defendant to redeliver the deed to plaintiff, with corrections and amendments thereto, containing therein a covenant of good and sufficient title; that plaintiff be adjudged and decreed the lawful owner of the land, and that defendant be adjudged to have no right, title, or interest therein; that, in case such relief cannot be granted, plaintiff have judgment against defendant for $500 damages, together with the costs of the action.

Defendant answered, denying the material allegations of the complaint. When the cause was called for trial defendant moved for judgment on the pleadings on the ground that the complaint failed to state a cause of action, which motion was granted. The question presented to this court is whether the ruling was error.

The sufficiency of a pleading must be determined from its allegations taken as a whole, and if any cause of action, legal or equitable, is disclosed, it should be sustained. The particular relief prayed for is not an important factor in determining the question. The complaint before us is flagrantly indefinite and uncertain, and in our judgment states no cause of action whatever. It was urged in this court that it could be sustained as stating either a legal or an equitable cause of action for the recovery of the possession of the deed, but we are unable to reach that conclusion. The only possible theory on which it could be sustained would be as an action in replevin, or claim and delivery; but it is defective in this aspect, for its does not allege the value of the deed, which is an essential allegation. Sauer v. Traeger, 56 Minn. 364, 57 N. W. 933. In such actions the defendant has the option to return the property or pay its value, and cannot be deprived of that right by plaintiff. The deed is valuable only as evidence of plaintiff's title, which became vested upon its unconditional delivery to him, and its value as such should have been alleged. Kennedy v. Roberts, 105 Iowa, 521, 75 N. W. 363. It is valuable or useful for no other purpose, for the title to the land did not revert to defendant by its return to him for correction, but remained, and still is, in plaintiff.

The contention that the complaint states an equitable cause of action for the possession of the deed is not sound, for such an action cannot be maintained where there is an adequate remedy at law. The complaint contains no allegations tending to show a reason for the inter-

position of equity; it does not allege that plaintiff has no remedy at law, nor that he will suffer the loss of his property, or other irreparable injury; nor is it alleged that defendant is insolvent, or unable to respond in damages. The allegation that defendant refuses to return the deed—the only basis of the alleged cause of action—is not sufficient to invoke the equitable powers of the court. 1 Story, Eq. Jur. § 84. As we have already noted, the return of the deed to defendant for correction did not reinvest in him the title to the land; plaintiff still owns it, and may have an action at law to determine his rights.

We have less hesitation in sustaining the trial court than we should have if the result would preclude plaintiff from bringing another action in proper form to establish his rights in the premises. The judgment in this action will not bar an action in claim and delivery to recover the deed, or an action to determine adverse claims. It is probable that the complaint could have been amended and made good as an action to determine adverse claims by inserting therein that plaintiff was in possession of the premises, or that they were vacant and unoccupied; but application to do so was not made in the court below, and we have no right to reverse the case and send it back merely for the purpose of permitting such an application to be made.

Order affirmed.