SPERRY REALTY COMPANY v. MERRIAM REALTY COMPANY.[1]

January 15, 1915.

Nos. 19,051—(165).

**Broker — action for commission.**

   Defendant owned land and gave to plaintiff, a real estate agent, the privi-

[1] Reported in 150 N. W. 785.

Note.—As to what constitutes performance of contract by a real estate broker to find a purchaser or effect an exchange of his principal's property which will entitle him to commissions, see note in 44 L.R.A. 593.

lege of making a sale thereof to a certain named person at a named price within a time specified. Plaintiff within the time specified contracted with the person named to sell the land to him at a price in excess of that named. The purchaser refused to complete the sale because of an easement that encumbered the land. It is *held*: Conceding, but not deciding, that plaintiff performed the terms of its agreement with defendant, and that the failure to consummate the sale was the fault of defendant, plaintiff is not entitled to recover the difference between the price specified and that named in the contract with the purchaser. There being no pleading or proof as to the value of plaintiff's services, it is not entitled to recover in this action.

Action in the district court for Ramsey county to recover $5,000 as commission for making a sale of real estate. The answer was a general denial. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Duxbury, Conzett & Pettijohn,* for appellant.

*John F. Filzpatrick,* for respondent.

BUNN, J.

Plaintiff, a corporation engaged in the real estate business in St. Paul, brought this action to recover $5,000 claimed as commission upon a sale of real estate belonging to defendant. The case was tried to the court without a jury, and the decision was that plaintiff take nothing by the action. A motion for a new trial was denied and plaintiff appealed from the order.

Plaintiff's claim of a right to commissions is based upon these facts. On September 1, 1910, defendant gave to plaintiff the following writing:

"In consideration of the efforts of the Sperry Realty Company to sell the same, the privilege of making a sale of the following described tract or parcel of land lying and being in the county of Ramsey, state of Minnesota, to-wit: The north sixty-five (65) feet of lots 6, 7 and 8, of block twenty-three (23), St. Paul Proper, at any time within ten (10) days from date hereof for a consideration of

fifty thousand dollars ($50,000) all cash, is hereby given to said Sperry Realty Company, and it is understood and agreed that the option extended herein to the Sperry Realty Company is for the purpose only for the sale of said property to either Thomas C. or James C. Fulton or A. M. Thompson, clients of said Sperry Realty Company."

This "privilege of making a sale" or "option" was dated September 1, and was signed by an agent of defendant by its authority. There is no question that it was effective to give plaintiff the privilege of making a sale of the property at the price, on the terms and within the time stated, to either of the persons named.

On September 9, plaintiff notified defendant's agent that it had sold the property to A. M. Thompson, one of the persons named, and asked that the deed be prepared and abstract brought down to date and delivered to plaintiff. The abstract was procured and delivered by defendant. Thompson discovered therefrom that the property was encumbered by a 12-foot easement across the easterly end thereof, and for that reason refused to carry out the contract he had made with plaintiff for the purchase of the property. This contract was made September 9, and by its terms plaintiff in its own right and not otherwise agreed to sell and convey to Thompson and the latter agreed to buy, the property in question for the sum of $55,000. Defendant knew nothing of the terms of this contract until October 20, 1911, after Thompson raised the objection of the easement. Plaintiff never entered into any contract with Thompson in which it acted as agent for defendant and for and on behalf of defendant, and never brought Thompson to defendant so as to afford defendant an opportunity to itself enter into a contract with him. No sale to Thompson was ever consummated.

It is clear that plaintiff, in its contract with Thompson, assumed to act as the owner of the property, and not as agent of the owner, and that it contracted in its own name to sell the property at an increased price. The theory of plaintiff is that it is entitled to recover the difference between the price named in the option agreement and that named in its contract with Thompson. This theory is un-

sound, in our opinion. There was no such agreement. Authority to sell at $50,000 did not mean that plaintiff could sell at a greater sum and keep the difference. The excess price received would belong to the owner, in the absence of an agreement that the agent should have it. Conceding that plaintiff performed the terms of its agreement when it procured a purchaser ready, able and willing to buy on the terms stated, and disregarding the written contract with Thompson, it is still impossible to see on what theory plaintiff is entitled to recover the difference between what Thompson was willing to pay and the price named in the option. Plaintiff relies upon a letter written it by the agent of defendant who signed the option agreement, in which letter the agent stated that he expected plaintiff to obtain its commission from its purchaser. If this letter binds defendant, it does not help plaintiff's case. Neither directly nor by implication is it ground for holding that the agreement was that plaintiff should have as its commission all it could get over $50,000. We would have difficulty in holding that the failure to make the sale to Thompson was defendant's fault. Though the option agreement did not describe the property as subject to an easement, the fact was of record, and must have been pretty well known to real estate men. Though plaintiff claims ignorance, it is noteworthy that the attorney for plaintiff who examined the abstract refers in his opinion to the easement as being "understood by both parties." But, even if this defect in the title was not known to plaintiff or to Thompson, and it be held that plaintiff is entitled to compensation, there can be no recovery on the pleadings and evidence here, as the value of plaintiff's services is neither alleged nor proved.

Order affirmed.