# HARVEY MEYER v. JULIUS SATERBAK.[1]

January 29, 1915.

Nos. 18,987—(195).

**Variance — action for services.**

    1. Where a complaint declares upon a *quantum meruit* count for the reasonable value of services, and the evidence discloses that defendant agreed to pay a specified price therefor, this is at most a variance, and, when it appears that defendant was not misled thereby to his prejudice, a recovery of the agreed price is proper.

**Verdict.**

    2. The verdict is sustained by the evidence.

**Charge to jury.** ·

    3. There was no prejudicial error in the charge.

Action in justice court to recover $57.60 for work and labor. From an order dismissing the action, plaintiff appealed to the district court for Traverse county. The appeal was heard by Flaherty, J., and a jury which returned a verdict in favor of plaintiff for $60.23. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

    *V. E. Anderson,* for appellant.

    *Edward Rustad,* for respondent.

BUNN, J.

This is an action to recover $57.60 claimed to be due plaintiff from defendant for labor performed. The complaint alleged in general terms that "plaintiff performed work, labor and services for the defendant at his special instance and request, reasonably worth and of the value of $70, which sum the defendant agreed to pay therefor." The answer alleged a contract of hiring by which plaintiff agreed to work for defendant for a period of four months at an agreed compensation of $120 for the entire period, and that plaintiff quit

[1] Reported in 150 N. W. 901.

the employment long before the expiration of the period in violation of his agreement. At the trial, on motion of defendant, plaintiff was required to elect "whether he will claim under an express contract as to the amount of wages   *   *   *   or whether he is to claim reasonable wages for the time of his services." Plaintiff elected to claim "reasonable wages for the time that he worked for the defendant." The trial then proceeded and resulted in a verdict in favor of plaintiff for the amount claimed. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Defendant's claims may be thus summarized: (1) Plaintiff was bound by his election to rely on proof of reasonable value, and therefore cannot recover on evidence showing an agreed price; (2) the evidence proved an entire contract, and that plaintiff did not perform; (3) errors in the charge.

As to the first contention, the evidence of plaintiff on his direct examination tended to support the theory of *quantum meruit,* while on cross-examination he stated that it was agreed that he should work for defendant for $30 per month.

The complaint was upon both implied and express contract. Proof of either was admissible so long as both allegations stood. Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124; Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444. It is not plain how this double form of pleading imposed any unfair burden on defendant in this case, and we doubt if the court properly required plaintiff to elect. Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481. But this question is not before us, as plaintiff recovered notwithstanding the election.

The case must therefore be treated as if the complaint had declared upon *quantum meruit* alone. The question is whether, under such a complaint, a recovery may be had when the proof shows an express contract for the same compensation that is alleged to be the reasonable value.

The point is purely technical, but there is some foundation in our past decisions for the rule that, where a complaint declares upon a *quantum meruit* count, proof of an express contract will not support

128 M.—20.

·a recovery, and *vice versa*. Gaar, Scott & Co. v. Fritz, 60 Minn. 346, 62 N. W. 391; Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053. See also Kappa v. Levstik, 123 Minn. 532, 144 N. W. 137. It is a proper time, we think, to clear up any confusion arising from these and other prior decisions bearing on the point. As stated by Dunnell in his work on Minnesota Pleading, § 911: It is the rule "in New York and most code states [that] plaintiff may introduce an express contract under a *quantum meruit* count. The only effect of proving an express contract fixing the price is that the stipulated price becomes the *quantum meruit.*" We regard this as the sensible and correct rule. Where the defendant is in no way misled to his prejudice, the variance, for it is nothing more, should be treated as immaterial and disregarded. Dunnell, Minn. Pl. § 913, and cases cited. To deny a recovery because the evidence shows an express agreement for the same compensation claimed to be the reasonable value, seems an absurdity, and we unhesitatingly say that this is no longer the law in this state, if it ever has been. We adopt the rule that, under a complaint declaring on a *quantum meruit* count, plaintiff may prove and recover on an express contract, unless the variance in the particular case misleads defendant to his prejudice.

Whether the contract was as claimed by plaintiff, a hiring at $30 per month with the right to quit whenever his wife should leave defendant's employ, or whether it was, as claimed by defendant, an entire contract for three months' services, was a fair question for the jury. The evidence was in direct conflict, and we cannot disturb the verdict after the trial court has approved it.

We find no reversible error in the charge. The main criticisms thereof are covered by what we have said as to the right of plaintiff to recover on an express contract notwithstanding that he elected to proceed on a *quantum meruit*. Defendant was in no way misled by the variance, and in no way prejudiced by the instructions.

Order affirmed.