# FRANK KRUTA v. J. W. LOUGH.[1]

October 22, 1915.

Nos. 19,401—(66).

**Work and labor — pleading and proof.**

1. In an action to recover for services, where the complaint alleges both an agreed price and the reasonable value, evidence as to both is properly received; and if the agreed price is not proved a recovery may be had for the reasonable value.

**Same — agreed price — verdict contrary to evidence.**

2. There was evidence as to an agreed price and as to the reasonable value. In its charge the court, without objection and without a request for a further instruction, submitted the question of an agreed price of the amount claimed by the plaintiff. The charge was the law of the case. It was the duty of the jury to apply the evidence in harmony with it; and a verdict not supported by evidence of an agreed price as claimed by the plaintiff is contrary to law and is not supported by the evidence and cannot be upheld.

**Same.**

3. Upon a consideration of the evidence it is *held* to sustain the verdict returned upon the theory of an agreed price such as was claimed by the plaintiff.

Action in the district court for Scott county to recover a balance of $676.06 for services rendered. The case was tried before Morrison, J., and a jury which returned a verdict for $147. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*F. C. Irwin,* for appellant.

*George F. Sullivan,* for respondent.

DIBELL, C.

Action by plaintiff to recover for services rendered the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

[1] Reported in 154 N. W. 514.

1. The plaintiff was a farm laborer and worked for the defendant on his farm. In his complaint he alleges that his services were rendered for the agreed price of $1.75 per day, and further alleges that their reasonable value was a like amount. The defendant denied an agreed price such as was claimed by the plaintiff, and offered evidence tending to show that a part of the services were performed at an agreed price considerably less; that for a part the reasonable value was to be paid; and that for a part the plaintiff was to receive only his board. The plaintiff testified directly that the agreed price was as stated in the complaint. He was permitted to testify that their reasonable value was the same. This is alleged to be error. It is not.

Recently the court has had occasion to state the rule applicable as to pleading and proof and recovery when there is involved a claim of both contract price and reasonable value. There has been a departure from the suggestions of some of the earlier cases; and the present holding is that, except in very rare instances where it is proper to require an election, the plaintiff may allege both contract price and reasonable value, may offer evidence as to both, and, upon failure to prove contract price, may recover reasonable value. Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481; Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124; Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444; Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901. Of course if there is a contract price the recovery must be of that and cannot be of the reasonable value, but the notion that the plaintiff must at his peril state the precise measure of recovery which his evidence will sustain is erroneous. See Dunnell, Minn. Pl. § 911, et seq., and cases cited.

2. In its charge the court submitted the case to the jury upon the theory of an agreed price of the amount alleged in the complaint. Nothing was said about a recovery of the reasonable value in case the jury did not find that there was an agreed price. No request was made to present the right to recover the reasonable value, if a contract price was not proved. It was proper to permit a recovery upon either theory. The charge of the court, basing the right of recovery upon the finding of a contract price, was the law of the case, and it was the duty of the jury to apply the evidence in harmony with it. Unless the verdict ren-

dered upon the theory that there was a contract price of the amount claimed by the plaintiff is consistent with the evidence, it is contrary to law and is not sustained by the evidence, though much less than claimed by the plaintiff. Smith v. Pearson, 44 Minn. 397, 46 N. W. 849. And see 3 Dunnell, Minn. Dig. § 9792, and cases cited. We are not to be understood as holding that a charge to which no exception is taken is the law of the case, binding the parties when the character of the instruction is such that its giving may be assigned as error under R. L. 1905, § 4200 (G. S. 1913, § 7830.) Nor should it be understood that in a particular case the verdict may not be upheld, though inconsistent with the evidence as applied to the charge, if upon the whole record, which indicates that the case has been completely tried, as a matter of law no other verdict can be sustained.

3. The defendant claims that the evidence applied upon the theory that there was an agreed price as is claimed by the plaintiff is entirely inconsistent with the verdict. We have examined the evidence. The defendant claimed that the plaintiff was working for different rates of compensation at different periods, sometimes at an agreed price, and sometimes for reasonable value, and sometimes for no compensation other than his board. The plaintiff claimed an agreed price for all the time. We are of the opinion that the jury, accepting a part of the plaintiff's testimony as correct and rejecting a part of it, and taking some of the defendant's claims as true and rejecting others, could find, upon the basis of the agreed price alleged, a verdict of the amount which it returned. It is unnecessary to detail the evidence. The verdict has the approval of the trial court and the evidence sustains it.

Order affirmed.