## NORTHWESTERN MARBLE & TILE COMPANY v. OLOF SWENSON.[1]

### February 15, 1918.

### No. 20,739.

**Pleading — departure.**

  1. Under an allegation of quantum meruit, plaintiff may recover on proof of reasonable value or of an express contract fully performed. The admission of an express contract in the reply is not a departure.

**Performance of express contract — evidence.**

  2. Since plaintiff alleged an express contract and alleged full performance, it can only recover on proof that it has performed the contract.

Action in the district court for Ramsey county to recover $2,657 for work and material furnished. The facts are stated in the opinion. The case was tried before Olin B. Lewis, J., who when plaintiff rested dismissed the case. From an order granting plaintiff's motion for a new trial, defendant appealed. Reversed.

*Kueffner & Marks,* for appellant.

*A. B. Darelius,* for respondent.

1Reported in 166 N. W. 406.

HALLAM, J.

Plaintiff, in its complaint, alleged a cause of action to recover the reasonable value of labor and material furnished to defendant, at his instance and request. Defendant, in his answer, admitted that plaintiff furnished certain labor and material to defendant, but alleged that the same were furnished under a written contract which the plaintiff failed to fully perform. Plaintiff replied, admitting that the labor and material were furnished under a written contract and alleged the contract was fully performed.

When the case came on for trial plaintiff ignored the admitted contract and offered proof of furnishing the work and material and of the reasonable value thereof. The trial court repeatedly admonished plaintiff's counsel that, since the work was done under an agreed contract, it could recover only on proof of its performance, but counsel declined to offer the contract in evidence or to prove that it had been performed. At the conclusion of plaintiff's testimony the court dismissed the case, but later granted a new trial. Defendant appeals from this order.

1. There was no difficulty with the pleadings. Under the allegations of quantum meruit in the complaint, plaintiff (1) might prove work and material furnished at the instance of defendant without express contract, and recover the reasonable value, or (2) it might prove that there was an express contract and that it had fully performed on its part, and recover the amount due. Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273. While there is some confusion in the early cases in this state as to the second proposition, any doubt that ever existed is well cleared up in Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901. This is the prevailing rule. 40 Cyc. 2835. Scott v. Congdon, 106 Ind. 268, 6 N. E. 625; Atkins v. County of Barnstable, 97 Mass. 428; Concord Apartment House Co. v. O'Brien, 228 Ill. 360, 367, 81 N. E. 1038. Even the common law system of procedure indulged this liberality. 1 Chitty, Pl. (16th Am. ed.) *357-359; Gordon v. Martin, Fitzg. 302; Alcorn v. Westbrook, Wilson, 115; Felton v. Dickinson, 10 Mass. 287; Frazer v. Gregg, 20 Ill. 300. Over 100 years ago, Justice Story recognized this doctrine as "incontrovertibly settled." Bank of Columbia v. Patterson, 7 Cranch, 299, 3 L. ed. 351. The amount of recovery in such cases is the contract price. Kruta v. Lough, 131 Minn. 13, 154 N. W.

514; Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 356, 141 N. W. 481; Dermott v. Jones, 2 Wall. 1, 17 L. ed. 762; Hubbard v. Investment Co. 119 U. S. 696, 701, 7 Sup. Ct. 353, 30 L. ed. 548; Williams v. Sherman, 7 Wend. 109; Fuchs v. Standard Thermometer Co. 178 Mich. 37, 144 N. W. 484. It follows that there was no departure in the reply, for the reply was simply a particular allegation or admission of certain facts which plaintiff could have proven under the general allegation of the complaint.

2. But these rules, calculated to simplify pleading and eliminate technicality in procedures, were never intended to abrogate contract obligations. It is now, as always, the law that where parties enter into an express contract they are bound by its terms. Neither party can, as plaintiff claims, "lay it aside" and proceed as though no contract had ever been made. The contract determines the rights of the parties, and if the plaintiff either alleges or admits the existence of an express contract it must show a right of recovery consistent with its terms. This is part of its cause of action. This is true whether it relies on full performance by itself or on a breach of the other party, or on any other condition that may give it a right of recovery. Hammond v. Dunbar, 41 Mass. 172, 180. Had it not appeared in this case that there was an express contract, plaintiff's proof that it furnished work and material of a given value to defendant at his instance and request, would have made out a prima facie case, but since the existence of an express contract did appear by the allegation of the defendant and the admission of plaintiff, and since, in its pleadings, plaintiff relied on full performance, it could only recover upon showing that the contract was fully performed. Plaintiff did not offier to do so. The action was properly dismissed and it was error to grant a new trial.

Order reversed.

HOLT, J., took no part.