## IRL H. MARSHALL v. J. A. ANDERSON.[1]

February 5, 1926.

No. 25,177.

**Party declaring on express contract cannot recover on proof of implied contract.**

Plaintiff who has declared on an express contract cannot recover on proof of an implied contract. Having based his claim upon the specified contract, he must prove its performance before he can recover.

Brokers, 9 C. J. pp. 587 n. 5; 640 n. 70, 73.

Action in the district court for Big Stone county to recover on an express contract for services rendered. The case was tried before Flaherty, J., who dismissed the action. Plaintiff appealed from the judgment entered for the defendant. Affirmed.

*Charles E. Chrisman* and *E. V. Cliff*, for appellant.

*Ray G. Farrington* and *Charles H. Bolsta*, for respondent.

WILSON, C. J.

Plaintiff appeals from a judgment entered pursuant to an order of dismissal at the close of plaintiff's evidence. Plaintiff sued on an express contract for services rendered in selling certain newspaper property. The listing agreement executed by defendant and attached to the complaint itemized the personal property constituting a printing plant. The answer was a general denial.

Plaintiff's proofs showed that the property listed was owned by the Big Stone County Printing Company, a corporation, having 200 shares of common capital stock of the par value of $1 per share and 592 shares of preferred stock of the par value of $25 per share; that plaintiff put defendant in touch with Swanson Brothers who traded a farm for the common stock and 457 shares of the preferred stock. The stock was issued by the corporation to Swanson Brothers. It apparently had not been previously issued. Defendant gave to

[1]Reported in 207 N. W. 193.

Swanson Brothers two shares of preferred stock owned by him. The deed to the farm was made direct to defendant because the corporation owed him.

There was no sale of the listed property constituting the printing plant. It was stock in a corporation that was sold. The purchaser became the owner of such stock, but he did not become the owner of the linotype and other personal property, the ownership of which remained in the corporation. The transaction contemplated by the contract was never consummated. A transaction of a different nature was had. There was a failure of proof to establish the cause of action in the complaint. A party who has declared on an express contract cannot recover on proof of an implied contract. The plaintiff having seen fit to base his claim upon the certain contract must prove its performance. Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053; N. W. M. & T. Co. v. Swenson, 139 Minn. 365, 166 N. W. 406; Dun. Dig. §§ 1904, 7674.

Affirmed.