## LOUIS ROBERGE v. CAMBRIDGE COOPERATIVE CREAMERY COMPANY, *d.b.a.* BLUE RIBBON DAIRIES AND SUNSHINE RICH DAIRIES.[1]

November 26, 1954.

No. 36,386.

*William E. MacGregor* and *Harold Jordan,* for appellant.
*Heinrich J. Kuhlman,* for respondent.

DELL, CHIEF JUSTICE.

This is an action to recover unpaid earnings under an alleged exclusive sales contract and damages for breach of the contract and for an injunction prohibiting defendant from using certain tradenames.

[1]Reported in 67 N. W. (2d) 400.

Only a brief summary of the facts elicited at the trial are necessary for the determination of the issues herein considered. Defendant is a farmers' co-operative creamery which has for many years been in operation at Cambridge, Minnesota. In the spring of 1950 defendant decided to open a plant for the sale of dairy products in Minneapolis. Plaintiff, who has had considerable experience in the sale of milk in the Twin Cities area, was contacted by defendant's plant manager, and negotiations were commenced between the two which lasted for several months. With assistance from the plaintiff, a building was procured in Minneapolis and a bottling plant established. Plaintiff contends that by virtue of a letter sent to him by defendant's manager an express agreement was consummated whereby plaintiff would act as exclusive sales agent for defendant's products on a commission basis, the agreement being cancellable on one year's notice. Defendant denies the existence of an express contract, contending that until such time as the plant was operating on a profit basis plaintiff was to be paid merely expenses. During 1951 plaintiff obtained orders for milk and defendant paid him at various intervals sums totaling $3,500, it being in dispute whether this constituted reimbursement for expenses or was to be applied upon commissions. During the year the business operated at a loss estimated at $33,000. In December 1951 defendant terminated plaintiff's services.

The trial court found that a written contract between plaintiff and defendant had been contemplated but that none was ever executed. It did find, however, that plaintiff was entitled to recover the reasonable value of the services he had performed, the unpaid balance of which was $4,061.84 (the amount alleged by plaintiff to be his unpaid commissions under the alleged contract for the first year), and that the defendant had been unjustly enriched by this amount. Defendant appeals from judgment in favor of the plaintiff in the amount of $4,596.67, which sum included interest, costs, and disbursements, and a decree forbidding use of certain tradenames by defendant.

The defendant contends that the only issue presented by the pleadings was the existence of an express contract between the parties and consequently the court erred in deciding the case on the basis of *quantum meruit* and unjust enrichment. The complaint, in part, alleges that plaintiff "earned under said contract the sum of $7,611.84." Defendant, in its answer, after denying the express contract, further denies that the plaintiff "earned $7,611.84 or anything whatever from defendant." It was under these pleadings that the trial court admitted, over objection, plaintiff's testimony as to the reasonable value of his services. While the defendant went further in his answer than perhaps was necessary, we do not see how the complaint, taken alone or together with the answer,[2] can fairly be said to spell out an implied promise to pay for the reasonable value of plaintiff's services or to allege unjust enrichment. While pleadings are to be more liberally construed under the new rules of civil procedure, they must still be framed so as to give fair notice of the claim asserted and permit the application of the doctrine of *res judicata*.[3] While the word "earned" may be, as submitted by plaintiff, significant under some circumstances in alleging value of services, it is expressly qualified in this complaint by the phrase "under said contract," referring to the express agreement alleged in the preceding paragraph. Viewing the pleadings as a whole, we can see no merit or justification in adopting the strained construction plaintiff suggests.

Prior to the adoption of the new rules it was well settled in this state that, if the plaintiff in his complaint alleged both an express contract and an implied contract for the reasonable value of his services, he could recover on *quantum meruit* if the express contract could not be proved.[4] However, if only an express contract was

---

[2]On the question of aider by answer, see 2 Mason's Dunnell, Minn. Pract. § 3236.

[3]See, 2 Moore, Federal Practice (2 ed.) § 8.13; 1 Youngquist & Blacik, Minnesota Rules Practice, p. 193.

[4]Krocak v. Krocak, 189 Minn. 346, 249 N. W. 671; Kruta v. Lough, 131 Minn. 13, 154 N. W. 514. An election may be required where both theories are alleged, Benedict v. Pfunder, 183 Minn. 396, 237 N. W. 2, but an election

alleged, recovery could not be had on the basis of *quantum meruit* unless the issue was litigated by consent.[5] While the latter rule has been criticized,[6] it, nevertheless, was an established principle of pleading.

Not only is there an absence of any indication in the new rules that the law in this respect was intended to be changed, but there are indications that the former law is approved.[7] In addition to expressly providing for alternative pleading of claims,[8] the rules are very liberal in permitting the pleadings to be amended. Rule 15.02 of Rules of Civil Procedure provides in part:

"\* \* \* If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Under this rule amendments are to be freely allowed to encourage the presentation of the merits of the controversy.[9] Where a party

can be compelled only where defendant might be prejudiced if it were not made. See, Meyer v. Saterbak, 128 Minn. 304, 305, 150 N. W. 901, 902.

[5]Universal Co. v. Reel Mop Corp. 212 Minn. 473, 4 N. W. (2d) 86; Confer Bros. v. Currier, 164 Minn. 207, 204 N. W. 929 (finding litigation by consent); Sperry Realty Co. v. Merriam Realty Co. 128 Minn. 217, 150 N. W. 785.

[6]See, 1 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 370, where the author points out that this rule is inconsistent with the practice of permitting plaintiff to prove and recover the price agreed upon in an express contract where only an implied contract for reasonable value is pleaded. Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901 (decided on the doctrine of immaterial variance).

[7]See, Lientz v. Wheeler (8 Cir.) 113 F. (2d) 767, 768 to 769, decided under the federal rules, where recovery not based on the express contract pleaded was permitted only because there was litigation by consent.

[8]Rule 8.05 of Rules of Civil Procedure.

[9]See, Robbins v. Jordan, 86 App. D. C. 304, 305, 181 F. (2d) 793, 794, citing cases interpreting the corresponding federal rule.

fails to take advantage of this procedure, he is bound by the pleadings unless the other issues are litigated by consent. Clearly relief cannot be based on issues that are neither pleaded nor voluntarily litigated.[10]

Inasmuch as the plaintiff failed to amend the pleadings in this case, we are left with the question of whether the reasonable value of plaintiff's services or the unjust enrichment of defendant was litigated by consent. Issues litigated by either express or implied consent are treated as if they had been raised in the pleadings.[11] Consent is commonly implied either where the party fails to object to evidence outside the issues raised by the pleadings or where he puts in his own evidence relating to such issues.[12] The question must, of necessity, be decided on the particular facts of each case.

An examination of the record here reveals a great deal of testimony bearing on the value of the plaintiff's services and the resulting enrichment of the defendant, much of which was not objected to as being outside the pleadings. For example, there is testimony to the effect that plaintiff installed telephones in his home to take orders; that he expended his full business time in the promotion of the business; and that he assisted the manager in union troubles. The vast majority of this testimony, however, tends with equal force to prove or disprove the existence of an express contract. It is obvious that consent to try an issue outside the pleadings cannot be implied where the evidence is pertinent to issues actually made by the pleadings.[13]

Plaintiff points out the great variety of evidence relating to the losses the business suffered while plaintiff was associated with it,

[10]Thorpe v. Cooley, 138 Minn. 431, 165 N. W. 265.

[11]Rule 15.02. The same rule has apparently always existed in Minnesota, Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638, and prevails under the federal rules. Hutchins v. Akron, C. & Y. R. Co. (6 Cir.) 162 F. (2d) 189.

[12]5 Dunnell, Dig. § 7675, notes 14 and 15; 3 Moore, Federal Practice (2 ed.) § 15.13, notes 22 and 23.

[13]Briggs v. Kennedy Mayonnaise Products, Inc. 209 Minn. 312, 297 N. W. 342; Canty v. Bockenstedt, 170 Minn. 383, 212 N. W. 905; Payette v. Day, 37 Minn. 366, 34 N. W. 592.

claiming this had no bearing on the express contract. One of the defendant's primary contentions, however, was that the plaintiff agreed to work merely for "expenses" until the business was "on a paying basis." Consequently, evidence that the business was operating at a loss could logically be treated as bearing on defendant's denial of an express contract. Indeed, the only evidence that appears to us as tending to be sufficiently remote from the issues pleaded is that concerning the factors contributing to the losses. It is difficult to see how this evidence, some of which came in without the proper objection,[14] could have much relation to the existence of an express contract. Viewing the record as a whole, however, we do not think that consent to try the issues upon which the case was decided can fairly be drawn. In Briggs v. Kennedy Mayonnaise Products, Inc. 209 Minn. 312, 319, 297 N. W. 342, 346, we said:

"Where an implied consent to litigate an issue is claimed, it is to be gathered from the course of the trial. * * * There is a presumption that evidence is offered and received with reference to the issues made by the pleadings."

Here the defendant, at the first occasion where the question of the value of plaintiff's services was directly raised, immediately interposed proper objection. It repeated the objection to later testimony that was of a more indirect nature. The record reflects, we feel, that prior to this point counsel was reasonably unaware of plaintiff's attempt, if there were any, to raise the issue of the value of plaintiff's services or unjust enrichment. Litigation by consent is not to be applied artificially, but rather is to be implied where the novelty of the issues sought to be raised is reasonably apparent and the intent to try these issues is clearly indicated by failure to object or otherwise.

Nor can consent be implied merely because defendant failed to claim surprise or ask for a continuance. Such action is appropriate where an amendment to the pleadings is allowed and the defendant

---

[14]The phrase "incompetent, irrelevant, and immaterial" does not raise the objection that the evidence is inadmissible under the pleadings. Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512.

is not prepared to continue under the newly presented issues.[15] Where there is no amendment it is sufficient that timely objection be made, there being a logical assumption that the case will, nevertheless, be decided upon the issues pleaded.

In its memorandum the trial court expressed doubt on these questions, and it is unfortunate that plaintiff did not move to amend the pleadings so as to properly raise the issues of the value of plaintiff's services and unjust enrichment. The plaintiff, of course, is not precluded from bringing another action based on *quantum meruit* to establish his rights, but this would, of necessity, entail considerable repetition of evidence already heard by the court and consume a great deal of additional time. While we will not reverse a case and remand it solely for the purpose of permitting a party to move to amend the pleadings,[16] here the judgment must be reversed in any event, and we feel that substantial justice can best be served by remanding the entire case with leave to the plaintiff to move to amend the pleadings if he so desires. The granting of the motion is a matter for the discretion of the trial court[17] to be decided in accordance with the liberal practice indicated in the new rules. In the event the motion is granted, the trial court is directed to hear whatever additional evidence is proper to the determination of the issues raised by the amended pleadings and to make findings of fact and conclusions of law accordingly.

In view of these conclusions the only other assignment of error before us concerns the injunction prohibiting the use of certain tradenames devised by plaintiff prior to his association with defendant. Both parties conceded, in oral argument, that the point is insignificant in view of the fact that the bottling plant is no longer in business and the tradenames are not being used. We can find no apparent error in the trial court's decision in this respect, and we feel that, under the circumstances, an exhaustive examination of the question is unwarranted.

[15]See, Robbins v. Jordan, 86 App. D. C. 304, 181 F. (2d) 793.

[16]Barkey v. Johnson, 90 Minn. 33, 95 N. W. 583.

[17]Craig v. Baumgartner, 191 Minn. 42, 254 N. W. 440; see, 3 Moore, Federal Practice (2 ed.) § 15.11.

The judgment of the trial court is reversed, and the entire case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded with directions.