TORBERT, Chief Justice.
James W. Cooper, Jr. brought an action for a declaratory judgment to declare that he was the holder of an easement across the land of the defendant, Carl T. Culverhouse Realty, Inc. (Culverhouse). The plaintiff appeals from a judgment by the trial court denying such relief.
All of the land in question was originally owned by James W. Cooper, Sr., and Clara Rice Cooper, the parents of plaintiff. In 1959 the plaintiff’s parents sought to subdivide the land into 6 lots as home sites for each of their six children.[1] Each lot was approximately 79 feet wide and 170 feet deep. The lots ran in two rows perpendicular to Cooper Hill Road, a public road. The two rows of lots were separated by a 40-foot-wide strip. The strip was to be used for access to the four interior lots that did not have access to the .public road. The plaintiff’s parents attempted to file a subdivision plan and to dedicate the 40-foot strip to the City of Birmingham as a public road to be known as Cooper Hill Lane. This subdivision plan was never accepted.
In 1959, J.W. Cooper, Sr., and Clara Rice Cooper conveyed to plaintiff, J.W. Cooper, Jr., one of the interior lots. The plaintiff used the lot for a garden plot and used the proposed road for access to the lot. In 1965 plaintiff conveyed the lot back to his father, who continued to hold it until his death in 1980. Under the will of J.W. Cooper, Sr., the lot was devised to plaintiff, who is the present owner of the lot.
In 1963, the plaintiff acquired another of the lots by purchase from his brother Frank *1367 W. Cooper. This lot was one of the lots that had access to the public road, Cooper Hill Road. Plaintiff constructed his home on this lot and continues to use it as his residence. However, rather than constructing his home facing the public way, he constructed his home facing the 40-foot strip which is the subject of this dispute. He has used the strip since 1963 for access to his driveway and his residence.
In 1980 the defendant, Culverhouse, purchased two of the original six lots as well as title to the strip of land in dispute from Clara Rice Cooper, the plaintiff’s mother. Mrs. Cooper was the sole owner as a result of a property settlement entered into in 1964 when Mr. and Mrs. Cooper, Sr. were divorced. Culverhouse also acquired one of the interior lots which had been owned by Sadie D. Morgado, the plaintiffs sister, and her husband Nelson Morgado. In its decree the trial court accurately described the situation as follows:
“The plaintiff is the owner of two parcels of land lying in a checkerboard manner in relation to two parcels owned by the defendant. The plaintiffs lands are separated by a strip of land owned by the defendant approximately 30-feet in width running in a north-south direction. The plaintiff acquired title by deed in 1959 to the tract located to the west of the strip and south of a tract now owned by the defendant. This tract is vacant land. The plaintiff later acquired title to his other tract of land from his brother in 1963. This latter tract is to the east of the disputed strip and north of a tract owned by the defendant. This tract is occupied by the plaintiffs home and adjoins a public road to the north. Both the lands of the plaintiff and that of the defendant were originally owned by the plaintiff’s mother and father. In 1965, the plaintiff conveyed the vacant tract owned by him to his father, but reacquired title to it by devise pursuant to his father’s will when his father died in 1980.”
I.
It is undisputed that the proposed subdivision and the road known as Cooper Hill Lane were never approved by the City. Plaintiff claimed the right to use the strip by adverse possession and sought a declaratory judgment that he had an easement for ingress and egress for both parcels of land. The trial court held that plaintiff “failed to show a private easement in him of the disputed strip owned by the defendant.” We agree.
As to the vacant lot, it appears that plaintiff used the strip with the permission of the owners from 1959 until 1965. In 1965, following the divorce, Mrs. Cooper became the sole owner of the strip. At about the same time, her ex-husband, James W. Cooper, Sr., reacquired title to the vacant lot from his son James W. Cooper, Jr., the plaintiff. During the period 1965-69 Mrs. Cooper attempted to block the road by stretching cable and pipe across the road and piling dirt and stumps in the middle of the road. It is only at this time that the evidence indicates that the continued use of the road became adverse to the rights of the owner, Clara Rice Cooper. The plaintiff, James W. Cooper, Jr., was not the record owner of the vacant lot during this period of time. Even if we were to consider the use of the road by James W. Cooper, Sr., as adverse to the ownership rights of Clara Rice Cooper, and allowed James W. Cooper, Jr., to tack his period of use of the road to his father’s, the plaintiff would not have established adverse possession for a period of 20 years as required by the Alabama cases. Menefee v. Lowery, 375 So.2d 793 (Ala.1979).
As to the lot on which plaintiff’s residence is located, there was testimony that plaintiff used the disputed strip with the permission of the owner Clara Rice Cooper. The plaintiff has the burden of showing the elements of adverse possession are present:
“While the majority of states recognize the presumption that an easement or use is adverse and places the burden of proving permissiveness on the landowner against whom the easement is claimed, *1368 Alabama reverses this presumption and places the burden of proving the adversity upon the person claiming such easement or use.”
Fesperman v. Grier, 294 Ala. 163, 165, 313 So.2d 525, 527 (1975). After reviewing all of the testimony, we are of the opinion that the trial court was not in error in holding that plaintiff failed to establish that his use was adverse to the rights of the owner of the strip.
II.
Plaintiff sought in this case to have the court declare he was the holder of an easement across the land of the defendant. The theory under which he tried the case was adverse possession for the required period. The trial court was not in error in holding that the evidence failed to establish an easement by adverse possession.
Under Rule 54, A.R.Civ.P., the trial court was also required to consider other theories by which an easement might have been established:
“Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.”
A.R.Civ.P. 54(c).
The Comments indicate the intent behind this rule:
“The second sentence of subdivision (c) implements the general principle of Rule 15(b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity. Thus it has been held that a party may be awarded damages though he asked for equitable relief. Truth Seeker Co. v. Durning, 147 F.2d 54 (2d Cir.1945); and vice versa Blazer v. Black, 196 F.2d 139 (10th Cir.1952). And he may be awarded relief on a quantum meruit basis though he sued on a contract, Del Balso v. Carozza, 136 F.2d 280, (D.C.Cir.1943), or damages for breach of contract though the complaint alleged a tort, Thomas v. Pick Hotels Corp., 224 F.2d 664 (10th Cir.1955). A different result would mean preservation of the distinctions between law and equity and of the various forms of action which these rules are intended to abolish. But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence. See Roberge v. Cambridge Cooperative Creamery Co., 243 Minn. 230, 67 N.W.2d 400 (1954). See 3 Barron & Holtzoff, Wright ed., § 1194 (1954).”
Committee Comments, Rule 54, A.R.Civ.P.
Our review indicates that there was evidence before the court that indicated that appellant could have been entitled to an easement by necessity or by implication. See, Sayre v. Dickerson, 278 Ala. 477, 179 So.2d 57 (Ala.1965); Helms v. Tullis, 398 So.2d 253 (Ala.1981). Appellant raised the alternative theory on a motion for new trial after the judgment. Under Rule 59(a):
“On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.”
A.R.Civ.P. 59(a). This motion was sufficient to call the court’s attention to the alternative theories discussed herein. We therefore reverse and remand the case to the trial court to give it the opportunity to consider, based upon the evidence already presented at the trial, whether plaintiff is entitled to an easement by necessity or implication.
REVERSED AND REMANDED WITH DIRECTIONS.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.
*1369 APPENDIX

. A sketch of the six lots in this proposed subdivision is included as an appendix to this opinion.