*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2116**

Shawn Halvorson,
Appellant,

vs.

Kristopher Todd From,
Defendant,

Reliance Leasing, Inc.,
d/b/a Avis Rent A Car, et al.,
Respondents.

**Filed August 17, 2015
Affirmed
Schellhas, Judge**

Clay County District Court
File No. 14-CV-14-1878

Michael Fargione, Tanner J. Moe, McEllistrem, Fargione, Landy, Rorvig & Eken, P.A., Minneapolis, Minnesota (for appellant)

William L. Davidson, Brian A. Wood, Peter D. Stiteler, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges the summary-judgment dismissal of his declaratory-judgment action involving a dispute over insurance coverage. We affirm.

## FACTS

Appellant Shawn Halvorson was a backseat passenger in a rental vehicle that was involved in a single vehicle roll-over accident. Halvorson allegedly sustained injuries as a result of the accident. Respondent Reliance Leasing Inc. owned the vehicle, respondent National Interstate Insurance Company insured the vehicle, and Kari Dahlgren rented the vehicle under a rental agreement. Kristopher From was driving the vehicle when the accident occurred. The parties dispute whether From had Dahlgren's permission to drive the vehicle, but no one disputes that From was not listed as an "additional driver" on the rental agreement.

Halvorson commenced a declaratory-judgment action against From, Reliance Leasing, and National Interstate, seeking a declaration that "From was an insured under the motor vehicle insurance policy issued by . . . National Interstate." Reliance Leasing and National Interstate moved for summary judgment, arguing that From was not an insured under the terms of the vehicle's insurance policy and that Halvorson lacked standing to bring the action because he had not obtained a judgment against From and had no rights under the insurance policy. The district court granted the motion and dismissed Halvorson's complaint, determining that Halvorson lacked standing to bring an action against National Interstate and Reliance Leasing.

This appeal follows.

**D E C I S I O N**

Halvorson concedes on appeal that From was not an insured under the vehicle's insurance policy because From was neither the renter of the vehicle nor an additional driver authorized to drive the vehicle under the rental agreement. Halvorson acknowledges that he no longer is seeking the declaration requested in his complaint. Instead, Halvorson asserts a theory involving reparation security insurance coverage and seeks a declaration that Reliance Leasing "is required by . . . Minnesota statutes to provide $30,000 in liability coverage" for his injuries.

Halvorson did not attempt to amend his complaint in district court to request the declaration that he now seeks, and the court based its summary-judgment decision on the relief that Halvorson requested in his complaint. We decline to analyze whether Halvorson is entitled to the declaration that he now seeks. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)); *Roberge v. Cambridge Coop. Creamery Co.*, 243 Minn. 230, 233–34, 67 N.W.2d 400, 403 (1954) (stating that the rules of civil procedure are "very liberal" in permitting the amendment of pleadings and that "[w]here a party fails to take advantage of this procedure, he is bound by the pleadings unless the other issues are litigated by consent").

**Affirmed.**