## TOWN OF PARTRIDGE v. MAURICE RING.[1]

October 26, 1906.

Nos. 15,024—(67).

**Town—Ratification by Electors.**

The electors of a town, having statutory power to direct the institution of actions and to employ necessary attorneys for their prosecution, may ratify the action of counsel in bringing to judgment a claim of the town, although such counsel were, in the first instance, directed to bring the action by a town board without authority of law.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., denying a motion to set aside a judgment for $985.-87, entered in favor of plaintiff. Affirmed.

*W. E. Dodge,* for appellant.

*Fitzhugh Burns* and *S. C. Olmstead,* for respondent.

JAGGARD, J.

The town board of the town of Partridge authorized certain counsel to bring an action for the plaintiff and respondent against the defendant and appellant. A money judgment was rendered for the plaintiff. A motion was made by the defendant within a year afterwards praying that the judgment be set aside on the ground that the town board had not authority to institute or maintain the action and that the electors of the town only had such power. Plaintiff's attorneys presented counter affidavits showing that subsequently to the entry of the judgment the electors ratified the employment of plaintiff's attorneys and the maintenance of the action, including its culmination in the money judgment. The court denied defendant's motion. Defendant took this appeal.

[1] Reported in 109 N. W. 248.

It may be conceded that the action of the town board in employing counsel to institute the action was void, and that this act, void in its inception, could not have been validated in its culmination. The electors, however, had the power to direct the institution of the controversy. Subdivision 3, § 625, R. L. 1905. What they could have originally directed they could subsequently ratify. In this case the ratification is not, in effect, the subsequent approval of the act of the town board, but the authorization of the employment of plaintiff's counsel and of their conduct of the lawsuit. If there had been no original retainer, and counsel had merely volunteered, the electors could have given validity to their acts by subsequent consent. The authority of the town board was not less than no authority. · No question is raised as to the sufficiency of the form of the ratification.

Order affirmed.