STATE BANK OF BARNUM v. TOWN OF GOODLAND.[1]

July 30, 1909.

Nos. 16,149—(186).

**Town — Purchase of Safe.**
 Authority to purchase a safe in which to preserve the books, papers, an⅃ files of the town is conferred on town·boards, under the provisions of chapter 8, R. L. 1905.

**Meeting of Town Board.**
 , Formal notice of a meeting of a town board is not a prerequisite, when all of the members of the board are present at the session and participate in the proceedings.

Action in the district court for Carlton county to recover $126.90 upon defendant town's order issued in payment for a safe and freight upon same. The case was tried before Dibell, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*J. W. Reynolds,* for appellant.

*H. S. Lord,* for respondent.

LEWIS, J.

Action to recover the purchase price of a safe alleged to have been sold to appellant by respondent's assignor. The court found at the special instance and request of a majority of the town board respondent's assignor sold and delivered the safe to the board for the town at the purchase price of $126; that a bill for the amount was allowed by the board, and a town order on the treasurer duly issued; that the same was not paid for want of funds; that the order was then sold and transferred to respondent for a valuable consideration, and payment demanded and refused; that the agreement to purchase the safe was made at a session of the town board, all the members being present, and that all signed the order for purchase; that the

[1] Reported in 122 N. W. 468.

safe was accordingly shipped to the town clerk, in behalf of the town, who used it until his successor was qualified; that the electors at the next town meeting, and at all subsequent town meetings, and all the subsequent town boards, have refused to accept the safe from their predecessors in office, and have refused to appropriate money in payment therefor, and have attempted thereby to repudiate the purchase.

Appellant submits the case upon two propositions: (1) "Is a contract valid and enforceable against a town which is made by less than the full board at neither a regular nor a duly called special meeting?" (2) "Can a town board bind a town for purchases made without the previous authorization of a town meeting or a subsequent ratification by the electors, and in spite of their repudiation of the transaction?"

In support of the first proposition appellant cites Andrews v. School District No. 4, Otter Tail County, 37 Minn. 96, 33 N. W. 217. The cases are not parallel. In the Andrews case two of the school trustees, without any meetings, and without the presence or co-operation of the third trustee, assumed to purchase certain school supplies. In the present case the court found that the safe was ordered at a session of the town board at which all the members were present, and that all of them signed the order of purchase. Notice would have added nothing in such a case, and all the members having been present and participated in the proceedings, notice will be deemed to have been given or waived. The evidence sustains the court's finding, and the point is not well taken.

As to the second proposition, it is sufficient to call attention to the statute. Section 651, R. L. 1905, declares that town boards shall have charge of all the affairs of the town not by law committed to other officers, and in certain particulars defines its duties and obligations. Section 625 specifically sets forth the powers of the electors at the annual town meetings. When a town board assumes to perform those duties which are reserved to the electors, its acts are at least voidable, unless ratified by the electors. Town of Partridge v. Ring, 99 Minn. 286, 109 N. W. 248. But the statute does not make the town board an absolute figurehead. The supervisors are

constituted a board, having charge of all of the affairs of the town not committed to other officers and not reserved to the electors. The power thus conferred on the board may not be extensive; but it embraces authority to perform the incidental, necessary acts to accomplish the functions of township government. In the performance of its duties as a board, it is necessary to have books of record, paper, ink, and pens, as well as suitable furniture. The board is custodian of valuable papers, maps, and files, and a proper place to keep them may fairly be treated as one of the necessities connected with the proper performance of its duties.

Affirmed.