## W. S. CARVER v. CHARLES A. LANE.[1]

September 29, 1922.

No. 23,133.

**Neither tile drain nor right of other owners to repair an encumbrance.**

> An encumbrance upon land is a right or interest in some person other than the owner to the diminution of the owner's interest in the land. A private drainage contract was entered into between contiguous property owners. Under it a tile drain was constructed which is of great benefit to all the land involved. Neither the contract nor the drain constitutes a breach of a covenant against encumbrances in a deed of a parcel of land so benefited. A right of other owners to enter for purpose of maintenance or repair of the improvement does not convert it into an encumbrance.

Action in the district court for Martin county to recover damages for alleged breach of covenant against encumbrances. The case was tried before Dean, J. upon stipulated facts, who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Ballou & Ballou*, for appellant.

*Putnam & Carlson*, for respondent.

[1]Reported in 190 N. W. 68.

HALLAM, J.

In 1920 defendant conveyed to plaintiff by warranty deed a tract of land in the town of Verona, Faribault county, Minnesota. This action is brought to recover damages for an alleged breach of the covenant against encumbrances in said deed. The encumbrance is said to arise out of a tile drainage ditch agreement entered into in 1909. Defendant's grantor, A. C. Lane, and four others were owners of contiguous land. There was necessity for the drainage of their lands and of a public highway which passed through them. To accomplish this, these parties, together with the county of Faribault and the town of Verona, entered into an agreement to construct a private tile drainage system and each agreed to contribute a specified amount for that purpose. The main drain so called ran through the Lane land, and the other owners and the town were given the right to enter upon this land at any convenient time to put in lateral drains. All this was completed in 1909. The tile was specified to be laid and it was laid along a natural watercourse and when constructed carried no more water than, before its construction, passed over the surface. It drained no land other than that of the parties to the agreement and only such as naturally drained over their land. The tile drained a pond or slough on the Lane land which rendered a substantial portion of it untillable and worthless, with the result that the area covered by the pond or slough is now tillable and productive land. It is expressly stipulated that "the construction, maintenance, and operation of said tile drain has been and is a great benefit to all the land described therein, including the Lane land."

It seems unnecessary to say more. A party who has derived great benefit from an improvement cannot recover damages for its construction. The law is not so unpractical. An encumbrance on land is something that is a burden or charge. It is a right or interest in some person other than the owner to the diminution of the value of owner's interest in the land. Mackey v. Harmon, 34 Minn. 168, 172, 24 N. W. 702. An easement is not necessarily an encumbrance. A rural highway is an easement, but not an encumbrance. Sandum v. Johnson, 122 Minn. 368, 142 N. W. 878, 48

L. R. A. (N. S.) 619, Ann. Cas. 1914D, 1007. A public sewer has by some courts been placed in the same class. First Unitarian Society v. Citizens S. & T. Co. 162 Iowa, 389, 142 N. W. 87, 51 L. R. A. (N. S.) 428, Ann. Cas. 1916B, 575. And so have public drainage ditches. Stuhr v. Butterfield, 151 Iowa, 736, 130 N. W. 897, 36 L. R. A. (N. S.) 32; Johnston v. Robertson, 179 Iowa, 838, 162 N. W. 66. It is conceivable that a private drainage system may, under some circumstances, impose a burden and an encumbrance on some land. But this tile drainage system does not. It is a beneficial improvement and a beneficial improvement is not an encumbrance. See also State v. Johnson, 111 Minn. 255, 262, 126 N. W. 1074.

The contract provided that the contracting parties may enter upon the land through which the main drain passes for the purpose of repairing the drain and keeping it in order. This whole drainage system must be considered as a unit. The system is stipulated to be a great benefit to all concerned. There is no suggestion that its maintenance will cause damage. This right of entry for purpose of maintenance and repair does not convert the improvement into an encumbrance.

Judgment affirmed.