## BOARD OF HEALTH, TOWN OF LAKE, ROSEAU COUNTY, v. VILLAGE OF WARROAD.

139 N. W. (2d) 255.

December 24, 1965—No. 40,122.

*Smith, McRae & Hilligan, Thomas M. Hilligan,* and *Chester Yon,* for relator.

*William Starr* and *Kenneth L. A. Mitchell,* for respondent.

OTIS, JUSTICE.

Plaintiff, Board of Health of Lake Township, Roseau County, seeks to impose penalties and to secure an injunction prohibiting defendant, village of Warroad, from maintaining a dumping ground within the township. A motion to dismiss the complaint for want of jurisdiction over the parties and subject matter and for failure to state a cause of action was denied below. Defendant secured a writ of prohibition to enjoin the court from proceeding to trial.

In challenging the court's jurisdiction, defendant asserts that the proceedings are defective in the following respects: (1) Defendant is not a "person" engaged in a "trade or employment" within the meaning of Minn. St. 145.17 and 145.18; (2) this action was not authorized by the electors of the town pursuant to Minn. St. 365.10(3); (3) the plaintiff is not a duly constituted town board of health within the meaning of Minn. St. 145.01 because the board does not have a physician as one of its members; and (4) defendant municipal corporation may not be prosecuted for a crime.

On July 20, 1964, the Lake Township health officer notified the village of Warroad that the dumping ground it had maintained for some 15 years constituted a nuisance and ordered that it be abated on or before July 31, 1964. In response, the village petitioned the township for consent to continue its use. The petition was denied, and all prior permission was

revoked by written notice to the village dated November 2, 1964. A further demand was directed to the village pursuant to a resolution of the town board adopted April 23, 1965. This action was thereafter begun to secure an injunction and to recover penalties of $50 and $100 a day prescribed by §§ 145.17 and 145.18.[1]

■ Minn. St. 145.17 provides:

*"No person, without the written permission of the board of health of the town, village, or city, shall engage therein in any trade or employment* which is hurtful to the inhabitants, or dangerous to the public health, or injurious to neighboring property, or from which noisome odors arise. Any person so doing shall forfeit $50 for each day of which such trade or employment is exercised, to be recovered by the local board of health by suit in its name and for its benefit." (Italics supplied.)

We are of the opinion that the maintenance of a municipal dumping ground by the defendant village is not a "trade or employment" within the meaning of the statute and that the writ of prohibition should be made absolute. Webster's definitions of "employment" and "trade" which we believe applicable are "work (as customary trade, craft, service, or vocation) in which one's labor or services are paid for by an employer," and "the business one practices or the work in which one engages regularly : one's calling : gainful employment : means of livelihood."[2]

---

[1] Minn. St. 145.18 provides: "Such local boards, from time to time, may designate places within their respective jurisdictions wherein such trades or employments may be carried on, by orders filed with the town, village, or city clerk, and may revoke the same by like orders. Within 24 hours after written notice of any such revocation, every person exercising such trade or employment in the locality to which it relates shall cease to do so or forfeit $100 for each day thereafter on which the same is continued, to be recovered as provided in section 145.17."

[2] Webster's Third New International Dictionary (1961) pp. 743, 2421. Black, Law Dictionary (4 ed.) p. 1665, includes the following definition of "trade" from Helvering v. Wilmington Trust Co. (3 Cir.) 124 F. (2d) 156, 158: "A line of work or a form of occupation pursued as a business or calling, as for a livelihood or for profit; anything practiced as a means of getting a living, money, booty, etc.; mercantile or commercial business in general, or the buying and selling, or exchanging, of commodities, either by wholesale or retail within a country or between countries."

While Minn. St. 645.44, subd. 7, defines the word "person" to include "bodies politic," it seems likely that in providing for the recovery of penalties as drastic as those here authorized the legislature intended to deal only with activities arising out of businesses conducted for pecuniary gain and not with purely governmental functions pursued in a sovereign capacity.[3] We therefore hold that the provisions of §§ 145.17 and 145.18 have no application in these circumstances.

■ Since the complaint prays for an injunction (although it does not allege a nuisance), the question arises as to whether plaintiff is entitled to relief apart from §§ 145.17 and 145.18.

Minn. St. 365.10 provides in part:

"The electors of each town have power, at their annual town meeting:

\* \* \* \* \*

"(3) To direct the institution and defense of all actions in which the town is a party or interested; to employ necessary agents and attorneys for the prosecution or defense of the same, and to raise such sums of money for that purpose as they deem necessary."

We need not decide whether a board of health must resort to § 365.10(3) before instituting an action against persons in private enterprise under § 145.17 or § 145.18. However, as to the prosecution by plaintiff of a common-law action or one to abate a nuisance under § 145.21 or § 561.01, we believe § 365.10 is applicable if the circumstances otherwise permit such an action to lie. In Town of Partridge v. Ring, 99 Minn. 286, 109 N. W. 248, this court indicated that a town board is without power to sue in the absence of authority granted by the electors. We therefore hold that where there is no express statutory authority the plaintiff cannot properly institute proceedings to abate a nuisance until there has been compliance with § 365.10(3). In so holding, however, we intimate no opinion as to whether an injunction should issue under the allegations of the present complaint. This is a question which has not been fully presented, and we

---

[3] In In re Sozzi, 54 Cal. App. (2d) 304, 305, 129 P. (2d) 40, 41, the California District Court of Appeal for the Third District held "[t]he gathering of garbage is not a trade, business or occupation in any proper sense" when conducted by a municipal corporation.

decline to suggest who are proper parties or the scope of relief which may be granted if the action is reinstituted.

■ The defendant has challenged the capacity of the plaintiff to act where neither a member of the board nor its health officer is a physician. Minn. St. 145.01 provides in part:

"Every town board shall be a board of health within and for the town and have jurisdiction over every village within its boundaries wherein no organized board of health exists. * * * At least one member of every local board shall be a physician, who shall be the local health officer and executive of the board. If no member of a town board is a physician, it shall appoint a health officer for the town."

Since the statute expressly contemplates that a town board may be composed of laymen, we hold that the plaintiff is a duly constituted legal entity with capacity to sue. Whether one who is not a physician may exercise the powers conferred by law on a health officer is not an issue in this litigation.

■ Because of our disposition of the other questions, it is not necessary to decide whether a municipal corporation is amenable to criminal prosecution.

The writ of prohibition is made absolute.