## TOWN OF DELL GROVE v. WILLIAM HELWIG AND ANOTHER.

149 N. W. (2d) 73.

March 3, 1967—No. 39,961.

*John M. Sharp*, for appellant.
*Howard N. Ledin*, for respondent.

ROGOSHESKE, JUSTICE.

In this action Town of Dell Grove sought an injunction restraining defendants from obstructing a road which the town claimed was established by common-law dedication and public use for over 30 years. The court granted the injunction upon findings, the effect of which is to

judicially establish a public road by prescription over lakeshore property then owned by defendants.

This appeal from an order denying a motion for a new trial by defendant Esther Helwig, who has succeeded to the sole ownership of the servient property, raises two questions: (1) May the town bring this action for injunctive relief without a vote of the electors as required by Minn. St. 365.10(3)?[1] (2) Does the evidence support the court's finding fixing the width of the road at 2 rods and enlarging it to 4 rods for the last 100 feet leading to the lake?

The first question must be answered in the negative and is dispositive of this appeal. Plaintiff argues that an obstruction to any public highway is included in the statutory definition of a public nuisance [2] and therefore a town may, under its police powers, bring injunctive proceedings to abate a public nuisance without authorization by its electors. Recently in Board of Health, Town of Lake v. Village of Warroad, 272 Minn. 509, 139 N. W. (2d) 255, we expressly rejected this argument and held that under § 365.10(3) a town has no power to institute such an action unless authorized by its electors at a town meeting.

It is true that defendants did not, as required by Rule 9.01, Rules of Civil Procedure, raise the issue of capacity to sue by specific negative averment. However, immediately following the testimony of the town clerk establishing that the electors had not directed the institution of the action, defendants moved to dismiss. Plaintiff made no objection concerning the failure of defendants to plead the defense nor did it otherwise claim or attempt to show prejudice by reason thereof. As in Gethsemane Lutheran Church v. Zacho, 253 Minn. 469, 92 N. W. (2d) 905, the

---

[1] Minn. St. 365.10 provides in part: "The electors of each town have power, at their annual town meeting:

\* \* \* \* \*

"(3) To direct the institution and defense of all actions in which the town is a party or interested; to employ necessary agents and attorneys for the prosecution or defense of the same, and to raise such sums of money for that purpose as they deem necessary."

[2] § 609.74.

issue was litigated by consent and under Rule 15.02 must be "treated in all respects as if [it] had been raised in the pleadings." [3]

In order to point out the futility of any effort to seek a future ratification of the action by the town electors, as was approved in Town of Partridge v. Ring, 99 Minn. 286, 109 N. W. 248, it should be noted that in that case the electors accomplished ratification subsequent to the entry of judgment *but before the objection regarding capacity to sue was raised*. Here, the trial court was required to grant defendants' motion to dismiss made during trial, which would have precluded a consideration of the merits of the action.

Although we need not pass upon the second question, we are constrained to observe that an examination of the evidence demonstrates persuasively that fixing the width of the road at 2 rods and 4 rods greatly exceeds the evidence of the character of the use by the public over the years. The evidence is wholly insufficient to warrant imposing such boundaries upon private property despite the broadest application of the principle announced in Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606, that a prescriptive easement need not be limited to the width of the car tracks but may include adjacent ground reasonably necessary for repair and maintenance.

Reversed with directions to vacate the judgment and order a dismissal of the action.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3] In her motion for a new trial or dismissal, defendant assigned as error the court's refusal to dismiss the action for lack of authority to sue, the trial court denying the motion without expressing any reason therefor.