## BUREAU OF CREDIT CONTROL, INC. v. MIKE LUZAICH.

163 N. W. (2d) 317.

December 13, 1968—No. 41218.

*Ralph S. Parker II,* for appellant.
*Paul Wendlandt, Jr.,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.
This is an appeal from an order of the Hennepin County Municipal

Court denying defendant's alternative motion for amended findings or for a new trial.

Plaintiff, Bureau of Credit Control, Inc., is the assignee of an account of William F. Nitchie Plumbing, a plumbing contractor, which represents a claim for materials and services provided to defendant, Mike Luzaich, owner and operator of a bar. The complaint alleged that defendant owed plaintiff $832.28 "for services and goods, wares, and merchandise sold and delivered." The answer admitted that Nitchie had furnished certain materials and services, but alleged that payment therefor had been made.

We have examined the record, from which it appears that over a period of time Nitchie had furnished to defendant various items of material and services in connection with the repair and maintenance of defendant's bar premises. The particular item involved here appears to relate to the installation of sinks and coolers and the furnishing of couplings and pipe fittings for a remodeled bar. The theory upon which the issues were tried is not clear. The trial court sustained objections to evidence as to the reasonable value of labor and materials furnished. At the close of plaintiff's case, the court stated, "I do not think that we had any testimony as to the value," but it noted that, nevertheless, counsel for plaintiff "did, subsequent to the sustaining of the objection, turn around and apparently based his case on the fact that a bill was sent and payment made subsequent to the time the bill was sent without objection." The trial court found that plaintiff was entitled to recover on the basis of reasonable value. Plaintiff contends:

"* * * Although there is no direct evidence of the reasonable value of the services performed and materials supplied, * * * a reading of the entire transcript would indicate sufficient evidence upon which the lower court could reasonably infer the value of services and materials rendered to the defendant by plaintiff's assignor."

Rule 15.02, Rules of Civil Procedure, provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining

his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

We noted in Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 67 N. W. (2d) 400, that while pleadings are to be more liberally construed under the new rules of civil procedure, they must be framed so as to give fair notice of the claim asserted and permit the application of the doctrine of res judicata. In that case, plaintiff sought damages for breach of contract. At trial, the court admitted testimony as to reasonable value of services over objection that the pleadings alleged an express contract and not quantum meruit. The trial court held that a written contract had been contemplated but had never been executed. It found, nevertheless, that plaintiff was entitled to recover the reasonable value of his services. This court reversed on appeal and remanded with leave to plaintiff to move to amend the pleadings. We held that where a plaintiff bases his complaint on an express contract, recovery may not be granted on the theory of quantum meruit and unjust enrichment if the pleadings have not been expressly amended or the issue has not been litigated by express or implied consent. Consent to litigate an issue may not be implied where evidence relative to the issue was admitted over objection.

In this case, the reasonable value of the labor and materials furnished was not proved. The complaint was not amended to ask recovery on a different theory. There was no litigation of the issue of an account stated by either express or implied consent. Nor does the evidence meet the measure of proof required to warrant recovery on the basis of an account stated. An "account stated" comprehends a balance struck between the parties on a settlement under circumstances importing a promise of payment on the one side and acceptance on the other. 1A Wd. & Phr. (Perm. ed.) pp. 383, 420. In Meagher v. Kavli, 251 Minn. 477, 487, 88 N. W. (2d) 871, 879, we expressed the basis for recovery on this particular theory as follows:

"* * * An account stated comes into being through an acknowledgment or an acquiescence in the existing condition of liability between the parties. If an account rendered is acquiesced in by the parties and the correctness of the statement is admitted, then the law will imply a promise to pay whatever balance is thus acknowledged to be owing and due, without further proof; likewise, proof of the retention of a statement of account without objection for more than a reasonable length of time may under certain circumstances operate as proof of an acquiescence in or an admission of the correctness of the statement of account and permit the legal inference that an account stated has been established. If an account stated is established it will constitute a promise to pay whatever balance is thus acknowledged to be due without proof of separate items for the reason that it has thereby

become a new and independent cause of action; it requires then no proof of the separate items of liability from which the unpaid balance results."

Because of the confused state of the record and the inconsistent findings of the trial court, we are constrained to reverse and remand for a new trial.

Reversed and new trial granted.