ALAN R. HOHENSTEIN v. JAN R. GOERGEN AND ANOTHER.

176 N. W. (2d) 749.

April 17, 1970—No. 41878.

*Archibald Spencer, Allen D. Barnard,* and *Best, Flanagan, Lewis, Simonet & Bellows,* for appellant.

*Charles A. Cox,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

Per Curiam.

Appeal from a judgment involving, among other things, an award of $5,000 to plaintiff-respondent, Alan R. Hohenstein, as repayment of a "loan" made by plaintiff to defendant-appellant, Jan R. Goergen. Originally, there were two defendants in the present case. Only Goergen is appealing.

Defendant was engaged in an investment operation in which it was proposed that mutual funds would be purchased through a limited partnership medium. By investing $2,500 in cash and obtaining a letter of credit for $25,000, an investor could acquire approximately a $100,000 interest in mutual fund shares. Plaintiff purchased a portion of defend-

---

[4] See, Corbin, Contracts, c. 66; 28 C. J. S., Election of Remedies, §§ 6 and 11; 25 Am. Jur. (2d) Election of Remedies, § 22.

ant's partnership, Hamilton Associates Limited Partnership, for $5,000. This participation by plaintiff was embodied in an agreement dated January 19, 1965, between plaintiff and defendant. The agreement provides in part:

"Goergen [defendant] hereby sells to Lender [plaintiff] for the sum specified below the specified percentage points of his 15 percentage points [his share of the net profits of the partnership] (or any other percentage points obtained by him) in said partnership under the terms and conditions specified below.

"1.   Goergen hereby acknowledges receipt from the undersigned lender ("Lender") of the sum of $5,000.00.

"2.   Goergen hereby assigns to Lender *one* percentage points of whatever percentage points Goergen may have of the net profits * * * of any limited partnership formed by him in 1965 in the State of Minnesota to borrow money and to invest the proceeds of the borrowing in mutual funds in accordance with a market timing formula developed in part by Goergen.

\* \* \* \* \*

"5.   * * * Goergen shall have no liability in connection with this agreement and shall not be personally liable in any manner for the repayment of the amounts paid to him by Lender in connection with the sale of his interests in such partnership."

For the first fiscal year of the partnership's operations, defendant paid plaintiff the 1/15 share of profits due him under the agreement. This payment amounted to either $2,612.09 or possibly $3,112.09.

The trial court concluded that plaintiff was entitled to 1/15 of defendant's share of the profits of Hamilton Associates, amounting to 1 percent of the partnership profits, so long as the partnership continued and not for just the first year of operation. In addition, the court noted in a memorandum decision, prepared prior to the issuance of the findings of fact, conclusions of law, and order for judgment, that the agreement was ambiguous in the use of its terms "lender," "sells," and "assigns"; that paragraph 5 of the agreement did not absolve defendant from personal liability to plaintiff; and that defendant was therefore liable to plaintiff in the amount of $5,000 on the termination of the partnership.

On appeal defendant contends that plaintiff is not entitled to $5,000 in addition to his percentage of the profits. Defendant asserts that plaintiff did not so claim in his pleadings or at trial and, therefore, that the issue was not litigated. Defendant further contends that since there

was no evidence presented that plaintiff was entitled to both the specified share of partnership profits, plus the return of his $5,000, and since the agreement was not ambiguous, the trial court erred in returning the $5,000 to plaintiff. Plaintiff, on the other hand, contends: (1) The issue of the recovery of the $5,000 payment was litigated by consent pursuant to Rule 15.02, Rules of Civil Procedure; (2) sufficient evidence was submitted at trial for the court to conclude that the $5,000 payment constituted a loan for which repayment to plaintiff must be made.

Rule 15.02, Rules of Civil Procedure, provides for liberal allowance of amendments to encourage presentation of the merits of the controversy. Where a party fails to avail himself of the procedure prescribed in the rule, he is bound by his pleadings unless the other issues are litigated by consent. Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 67 N. W. (2d) 400. Issues litigated by consent, either express or implied, are treated as if they had been raised in the pleadings. Rule 15.02, Rules of Civil Procedure; Humenik v. Siwek, 266 Minn. 491, 124 N. W. (2d) 191; Roberge v. Cambridge Co-op. Creamery Co. *supra.*

While the issue of the status of plaintiff's $5,000 payment to defendant was never raised in the pleadings in this case, it may have been litigated at trial by consent. Consent is implied where the adverse party fails to object to evidence outside the issues raised by the pleadings or where he puts in his own evidence relating to such issues. The question must be determined on the facts and circumstances of each case. Bureau of Credit Control, Inc. v. Luzaich, 282 Minn. 530, 163 N. W. (2d) 317; Town of Dell Grove v. Helwig, 276 Minn. 139, 149 N. W. (2d) 73; Roberge v. Cambridge Co-op. Creamery Co. *supra;* 1A Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 449, p. 781.

As stated in 1A Barron & Holtzoff, § 449, p. 792, "fair notice remains essential, and pleadings will not be deemed amended to conform to the evidence because of a supposed 'implied consent' where the circumstances were such that the other party was not put on notice that a new issue was being raised." See, also, Truesdale v. Friedman, 270 Minn. 109, 132 N. W. (2d) 854. Thus, where the evidence offered is pertinent to an issue already stated in the pleadings, and there is no indication that a new issue is sought to be raised, the pleadings are not deemed amended merely because the evidence is relvant to the new issue. See, Roberge v. Cambridge Co-op. Creamery Co. *supra.*

In view of our conclusion hereinafter stated, we find it unnecessary to decide whether evidence presented at trial regarding the $5,000 payment was sufficient to put appellant on notice that a new issue was being litigated.

We are limited in our determination in the case at bar to the issue of whether or not the conclusions of law are sustained by the findings of fact. Although the trial court determined as a conclusion of law that the $5,000 payment by plaintiff to defendant represented a "loan" repayable upon termination of the partnership, such conclusion was not supported by the findings of fact. It is true that the trial court found in its memorandum decision that the agreement between plaintiff and defendant was ambiguous and the payment constituted a "loan." However, the memorandum decision was never expressly made a part of the findings, which no doubt was an oversight.

Therefore, this court is remanding with instructions to the trial court to amend its findings to conform to the conclusions if it is satisfied that the issue was in fact litigated by consent and sufficient evidence on the issue has been produced. If it is not so satisfied, leave may be granted to amend the pleadings and to obtain and produce additional testimony.

Remanded with instructions.