**NOR–SON, INC., Respondent,**

v.

**Ben G. NORDELL, et al., Appellants.**

No. C6–84–2232.

Court of Appeals of Minnesota.

June 18, 1985.

John W. Person, Brainerd, for appellants.

Patrick M. Krueger, Brainerd, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and NEIRENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This case arises out of a mechanic's lien filed by Nor-Son, Inc., against property now owned by Brainerd National Bank. Brainerd appeals from a judgment for the lien claimant, asserting that Nor-Son's failure to provide pre-lien notice to the owner defeats its lien. We modify and affirm.

## FACTS

Respondent Nor-Son, Inc., a construction firm, agreed to build a home for Ben and Jacqueline Nordell. Construction began in August 1980, and was completed in July 1982. The Nordells agreed to pay Nor-Son the cost of labor and materials, plus $10,-000 profit. Nor-Son claims that $22,357.66 remains unpaid.

Record title to the property was initially held by Nor-Son, until July 17, 1981, when it conveyed the property by warranty deed to the Nordells. Nor-Son did not buy the lot, but took title at the request of the Nordells to obtain construction loans. Ben Nordell was president of Brainerd National Bank and could not or would not obtain construction loans from the bank while title was in his own name.

The final financing transaction while Nor-Son held title to the property was a $60,000 mortgage loan from Brainerd National. The bank later subordinated its mortgage lien to First Federal Savings and Loan Association of Brainerd, the holder of a primary mortgage given by the Nordells in April 1982, when construction was nearly completed.

On September 9, 1982, Nor-Son filed a $22,357.66 mechanic's lien against the property, giving rise to the present action.

Due to the Nordells' default, First Federal foreclosed its mortgage. The foreclosure sale was held on April 8, 1983. As a junior creditor, pursuant to Minn.Stat. § 580.29 (1984), Brainerd National redeemed from this foreclosure sale on October 13, 1983, by tendering the sum of $87,-761.74 to First Federal. The bank continued to hold title to the property at the time of this foreclosure action.

Respondent Nor-Son asked for judgment in the amount of $22,357.66, the amount representing the unpaid balance of the construction costs plus its profit margin. After a trial to the court, the court found in favor of Nor-Son, except as to $5,000 of the amount claimed, which the court found had been previously paid. Appellant brought this appeal, and respondent brought a notice of review contesting the $5,000 reduction of the judgment.

### ISSUES

1. Did Nor-Son's failure to provide pre-lien notice defeat its mechanic's lien?

2. Did the trial court err in decisions on other defenses asserted against Nor-Son?

3. Did the trial court abuse its discretion in failing to award attorney fees to Nor-Son?

### ANALYSIS

#### I.

In order to create a lien under Minn.Stat. § 514.01, a contractor must comply with statutory notice requirements. Minn.Stat. § 514.011, subd. 1 (1980) provides:

Every person who enters into a contract with the owner for the improvement of real property and who has contracted or will contract with any subcontractors or materialmen to provide labor, skill or materials for the improvement shall give the owner the notice required in this subdivision. The notice shall be delivered personally or by certified mail to the owner or his authorized agent within ten days after the contract for the work of improvement is agreed upon.

\* \* \* \* \* \*

A person who fails to provide the notice shall not have the lien and remedy provided by this chapter.

Owner was defined as:

the owner of any legal or equitable interest in real property who enters into a contract for the improvement of the real property.

Minn.Stat. § 514.011, subd. 5 (1980).

The trial court determined that the failure to provide pre-lien notice did not preclude Nor-Son from bringing the action because the purpose of the statute would not be served by its application in this case.

Appellate courts have strictly construed the pre-lien notice requirement, which is the prerequisite to creation of a valid lien. *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.1982). Once the lien is created, mechanic's lien laws are liberally construed as remedial legislation. *Id.*

Nor-Son admits that the notice was not given, but asserts none was required. The firm argues that it was an owner and was not required to give notice because of language in the following part of Minn.Stat. § 514.011, subd. 1 (1980):

The notice required by this subdivision is not required *of any person who is himself an owner of the improved real estate,* to any corporate contractor of which the owner of the improved real estate is an officer or controlling shareholder, to any contractor who is an officer or controlling shareholder of a corporation which is the owner of the improved real estate, or to any corporate

contractor managed or controlled by substantially the same persons who manage or control a corporation which is the owner of the improved real estate.

*Id.* (emphasis added).

The pre-lien notice need not be given by a person who is himself "an owner" of the real estate. Respondent Nor-Son, which was title owner of the property during the relevant time, was not required to give the notice.

It is the purpose of the mechanic's lien statute "to remedy the unfairness arising from the foreclosure of mechanics liens on property of *unsuspecting* owners." *Polivka Logan Designers, Inc. v. Ende,* 312 Minn. 171, 176, 251 N.W.2d 851, 854 (1977), *quoted in Dolder,* 323 N.W.2d at 780 (emphasis added). The exception to the notice requirement applies to enumerated cases where, as here, the owner is not unsuspecting.

## II.

Appellant asserts additional defenses. The only defense pleaded in its answer was accord and satisfaction. Generally, a party must set forth all of its affirmative defenses in its pleadings. Minn.R.Civ.P. 8.03. The rules provide for liberal amendment to pleadings. Minn.R. Civ.P. 15.02. Issues litigated by consent, implied or express, are treated as though they had been raised in the pleadings. *Id.; Hohenstein v. Goergen,* 287 Minn. 512, 514, 176 N.W.2d 749, 751 (1970). Evidence on the defenses was received at trial, and litigated by implied consent. Therefore, we consider the issues on appeal.

A. The bank argues that the Nordells' receipt of the warranty deed abrogates those amounts claimed by Nor-Son to be attributable to labor and materials which predate the warranty deed. The trial court found there was no valid consideration for warranties in the deed. It concluded that Nor-Son's tendering of the deed to Nordell did not abrogate prior claims. We agree. Moreover, we do not agree with

appellant that a covenant against encumbrances covers a claim for money, which itself does not diminish the value of the owner's interest in the land. *See Carver v. Lane,* 153 Minn. 203, 204, 190 N.W. 68, 69 (1922).

B. The trial court concluded that a $5,000 lien waiver, attributable to profit, reduced the amount due to respondent from $22,357.66 to $17,357.66. The court found that respondent's calculation of its unpaid balance included its contract claim for $10,000 profit, and that respondent failed to reduce this item to reflect a $5,000 payment. Findings of the trial court cannot be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

Respondent's president, the only witness at trial, testified that he arrived at the figure of $22,357.66 by adding the amounts spent on labor and materials and the $10,000 profit, and subtracting the amounts received for payment. While the testimony does support a finding that the $5,000 payment was designated for profit, there is no evidence to sustain the conclusion that the payment was not deducted in respondent's over-all calculation of the unpaid contract debt. The trial court erred by subtracting the $5,000 from the amount appellant owed.

C. Finally, appellant contends that no amount for labor can be claimed by appellant because of lien waivers. One lien waiver was for all labor due Nor-Son through February 6, 1981. The trial court found that various lien waivers did not abrogate Nor-Son's claim to any labor prior to February 1981, based partly on the fact that on February 1, 1981, the Nordells signed a promissory note for $20,948. This finding of fact is not clearly erroneous. Minn.R.Civ.P. 52.01.

## III.

Respondent argues that a successful claimant is entitled to reasonable attorney

fees and that only the amount of the fees is within the trial court's discretion, citing *Hilltop Construction, Inc. v. Lou Park Apartments,* 324 N.W.2d 236 (Minn.1982). The parties stipulated that the reasonable amount of attorney fees was $559.44.

■ In *Hilltop,* the supreme court reinstated an award of fees the trial court withdrew based on a mistaken belief that the lien claim had been dismissed. Nevertheless, the court recognized what it had said before on the subject, that the mechanic's lien statute "has been interpreted to permit the award of reasonable attorneys fees." *Id.* at 240. A successful claimant is not always entitled to attorney fees. Trial courts have discretion to award reasonable attorney fees as part of mechanic's lien foreclosure costs. *Asp v. O'Brien,* 277 N.W.2d 382, 385 (Minn.1979). The award should be cautiously made, so worthy defenses are not discouraged. *Id.*

■ Respondent agrees that the trial court had discretion to refuse a contested request for fees, but contends refusal was erroneous where the parties had stipulated to the amount of reasonable attorney fees. We disagree, and we conclude that the trial court did not abuse its discretion by cautiously withholding an award of fees where a significant defense claim was rejected after deliberation.

### DECISION

The trial court did not err in finding that the failure of respondent to provide pre-lien notice did not defeat its lien action. The trial court was clearly erroneous in its finding that $5,000 should be subtracted from the amount due respondent, but did not err otherwise in its findings of fact. The trial court did not abuse its discretion by deciding not to award attorney fees to respondent. The judgment of the trial court, with the lien award increased to the sum of $22,357.66, is affirmed.

Affirmed as modified.