In re the Marriage of Marilyn Jane
SHANDORF, petitioner, Appellant,

v.

George Robert SHANDORF,
Respondent.

No. C2–86–1518.

Court of Appeals of Minnesota.

March 3, 1987.

R. James Jensen, Jr., St. Paul, for appellant.

Robert C. Hoene, St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

RANDALL, Judge.

Appellant Marilyn Shandorf filed a petition to reopen a judgment and decree of dissolution. Subsequently, appellant moved the court for an interlocutory order to preserve the marital assets and for an accounting. Respondent George Shandorf countermoved to deny appellant's motion and for attorney fees. In an order dated June 23, 1986, the trial court denied the petition, denied appellant's motions, granted respondent's motion, and awarded attorney fees to respondent. Judgment was entered on July 22, 1986,[1] and appellant filed notice of appeal on September 9, 1986. We reverse the dismissal of the petition and the motions, reverse the award of attorney fees to respondent, and remand.

## FACTS

The marriage of George and Marilyn Shandorf was dissolved as a default matter on April 6, 1981, pursuant to a stipulation signed by both parties. The stipulation included the provision:

That each party shall waive any and all rights he or she may have in any retirement, pension or profit sharing rights of the other.

Appellant was not represented by counsel at this time. On a separate page attached to the stipulation, appellant signed the statement:

I have been advised of my rights to have counsel of my choice and hereby expressly waive that right, and have freely and voluntarily signed the foregoing stipulation.

On March 25, 1985, appellant moved to amend the judgment and decree, seeking increased child support and other relief. The parties signed a stipulation resolving the child support matter on November 7, 1985. This second stipulation amended the original stipulation, but only with respect to child support and income withholding. It did not repeat the precise wording of the original stipulation. The court entered an order amending the judgment and decree on November 14, 1985.

In March of 1986, appellant filed a petition to reopen the decree with respect to the sale of the homestead, waiver of maintenance, and waiver of rights to respondent's retirement plan. The affidavit in support of the petition was dated March 20, 1986.

Subsequently, appellant moved the court to restrain respondent's employer from disbursing to respondent any funds which were not current wages and for an accounting of all assets described in the judgment and decree of dissolution. She submitted an affidavit in support of the motions. Respondent moved for an order denying appellant's requested relief and for attorney fees.

At a hearing on the motions, appellant informed the trial court that, pursuant to the petition, appellant requested the court to protect certain assets that were to be litigated in that petition. Appellant repeatedly stated that the only item to be discussed at that hearing would be the interlocutory motion, not the original petition. "We made a Motion and a Petition. * * * The only item we are here today on is the Motion, not on the Petition to reopen the Decree." Respondent asked the court to dismiss the entire proceeding under Minn.Stat. § 548.14 (1984), as three years had transpired since entry of the original decree.

In an order dated June 23, 1986, the court denied appellant's petition and her motions, granted respondent's motion to deny appellant's motions, and granted respondent's request for attorney fees pursuant to Minn.Stat. § 549.21 (1984). On October 22, 1986, appellant filed a motion under Minn.R.Civ.P. 60.01 and 60.02, seeking cor-

---

1. On October 28, 1986, this court denied respondent's motion to dismiss the appeal, made on the basis that appeal should have been taken from the court's order on June 23, 1986, and was thus untimely. This court found that judgment was entered on July 22, 1986, although the clerk erroneously entered judgment on an additional page containing notes of the court reporter.

rection of the findings of fact, conclusions of law, and order, or, in the alternative, reopening the order for further argument and clarification.

This appeal is taken from the July 22, 1986, judgment denying appellant's petition and motions and granting respondent's motions.

### ISSUES

1. Did the trial court err by dismissing appellant's petition?

2. Did the trial court's findings of fact and conclusions of law support denial of appellant's motions to preserve respondent's pension fund pending the petition?

3. Did the trial court's findings of fact and conclusions of law support denial of appellant's motion for an accounting?

4. Did the trial court abuse its discretion by awarding respondent attorney fees?

### ANALYSIS

#### I.

*Dismissal of Appellant's Petition*

Appellant contends that the trial court's dismissal of her petition was improper because her petition to reopen the decree was not before the court.

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set for [sic] the relief or order sought.

Minn.R.Civ.P. 7.02(1).

Consent to litigate an issue not raised in the pleadings may be implied where the party does not object to evidence relating to the issue raised by the pleadings or puts in his own evidence relating to the issue. *Roberge v. Cambridge Cooperative Creamery Co.*, 243 Minn. 230, 235, 67 N.W.2d 400, 403 (1954).

If a party consents to litigate an issue, relief can be granted although the issue was not pleaded. *T.W. Sommer Co., Inc., v. Modern Door and Lumber Co.*, 293 Minn. 264, 269, 198 N.W.2d 278, 281 (1972). Issues litigated by consent are treated as though they had been raised in the pleadings. Minn.R.Civ.P. 15.02; *Hohenstein v. Goergen*, 287 Minn. 512, 514, 176 N.W.2d 749, 751 (1970).

Respondent contends that the trial court's dismissal of appellant's petition was in the nature of a summary judgment. The trial court at times has the power to enter summary judgment on its own motion, but the same conditions must exist as would justify a summary judgment on motion of a party. *Del Hayes & Sons, Inc., v. Mitchell*, 304 Minn. 275, 280, 230 N.W.2d 588, 591-92 (1975). Where neither party moves for summary judgment, it would be error for a trial court *sua sponte* to grant summary judgment absent a waiver of the ten-day notice requirement under Minn.R. Civ.P. 56.03. *Id.* at 281, 230 N.W.2d at 591.

The court denied appellant's petition on the basis that she was not defrauded as a matter of fact. Appellant's counsel was not prepared to argue the issue of fraud at the time of the motion for interlocutory relief. Discovery had not been completed. Appellant twice objected to references by respondent to the petition. The first objection was made shortly after respondent stated that he was there to ask the court to dismiss the entire proceeding under Minn. Stat. § 548.14 (1984).

Respondent made no written motion to dismiss or for summary judgment before the hearing. Appellant repeatedly contended at the hearing that the only matter to be heard at that time was the motion. Clearly, appellant did not believe the petition was before the court at the time of the hearing, and did not consent to litigate the merits of the petition at that time.

We find the trial court's exercise of summary judgment power without notice prejudiced appellant. *See Niazi v. St. Paul Mercury Insurance Co*, 265 Minn. 222, 121 N.W.2d 349 (1963). Relief cannot be based on issues that are neither pleaded nor voluntarily litigated. *Roberge*, 243 Minn. at 234, 67 N.W.2d at 403. A party

must have notice of a claim against him and an opportunity to oppose it before a binding adverse judgment may be entered. *Folk v. Home Mutual Insurance Co.,* 336 N.W.2d 265, 267 (Minn.1983).

## II.

### *Motion to Preserve Pension Fund*

■ A court acting without a jury is required to make findings of fact and conclusions of law, except on motions for summary judgment. Minn.R.Civ.P. 52.01. The trial court's findings will not be disturbed unless clearly erroneous, upon clear demonstration either that they are not supported by the evidence or that they were induced by an erroneous view of the law. *Pettibone Minnesota Corp. v. Castle,* 311 Minn. 513, 514, 247 N.W.2d 52, 53 (1976).

Appellant asks this court to reverse the trial court's denial of the motion to restrain distribution of the pension fund on the basis of *Northern States Power Co. v. Williams,* 343 N.W.2d 627 (Minn.1984). In *Northern States Power,* the supreme court held:

> where a trial judge decided a fact issue on the basis of affidavits alone, the supreme court may disregard the findings of the trial judge and review the documentary evidence de novo. * * * [A]rguments of counsel are not those of witnesses presenting contested facts and whose credibility must be determined by the trial judge.

*Id.* at 630. Although the trial court had before it only the parties' affidavits and counsel's arguments, we decline to review appellant's motions de novo.

■ The court's denial of appellant's motion to preserve the pension fund appears to be based on the denial of the petition to reopen the decree. Since we reverse the dismissal of the petition, we reverse and remand this issue with direction to make findings and conclusions consistent with our reversal of the denial of appellant's petition.

## III.

### *Motion for Accounting*

Appellant challenges the denial of her motion for an accounting of the assets of the parties' minor child. Her affidavit in support of her motion sets out facts which respondent disputes.

■ The trial court made no findings of fact with respect to appellant's motion for an accounting, which was based on allegations that respondent cashed certificates of deposit and used the funds for his own benefit. In its dismissal of appellant's petition and motions, the trial court made no specific reference to appellant's motion for an accounting. The court denied appellant's petition, and, apparently on the basis of denial of the petition, denied appellant's motions.

Although the trial court has great discretion in whom to believe, it should have set forth findings on which it based its denial of the motion for an accounting. We reverse and remand for findings.

## IV.

### *Attorney Fees*

The trial court awarded respondent $250 attorney fees under Minn.Stat. § 549.21 (1984).

> [T]he court in its discretion may award * * * costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom * * * fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

*Id.* An award of attorney fees will only be upset upon a finding of abuse of discretion by the trial court. *National Recruiters, Inc. v. Toro Co.,* 343 N.W.2d 704, 709 (Minn.Ct.App.1984) (citing *Blattner v. Forster,* 322 N.W.2d 319 (Minn.1982)).

■ Here, the trial court's conclusion that appellant's action was unfounded or frivolous was not supported by the evi-

dence, not even by reference to any specific incident. Although we are not deciding the merits of the parties' respective contentions, our reversal on the other issues is a statement that, although appellant may not ultimately prevail, she is entitled to further litigate this matter. Our holding makes incompatible a finding of bad faith attorney fees under § 549.21. Thus, we reverse the trial court's award of attorney fees to respondent.

## DECISION

1. The trial court erred by dismissing appellant's petition to reopen the dissolution decree at the hearing on appellant's motions for interlocutory relief.

2. The trial court did not make sufficient findings and conclusions to support its denial of appellant's motion to preserve respondent's pension fund pending petition to reopen dissolution decree.

3. The trial court did not make sufficient findings and conclusions to support denial of appellant's motion for an accounting.

4. The trial court erred by awarding respondent attorney fees under Minn.Stat. § 549.21.

Reversed and remanded.